This appeal arises out of a judgment of the Court of Common Pleas of Marion County, entered pursuant to a jury verdict of guilty on one count of Burglary, wherein the court sentenced Defendant-Appellant, Michael A. Burns, to a seventeen month prison term and ordered him to pay the costs of his court-appointed attorney. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.
The Marion County Grand Jury indicted Appellant on August 28, 1997, for one count of Burglary, a violation of R.C.2911.12(A)(1), for his involvement in an incident that occurred on August 14, 1997. Appellant entered a not guilty plea at his September 3, 1997 arraignment. On October 6, 1997, Appellant withdrew his not guilty plea and pled guilty to R.C.2911.12(A)(4), the inferior burglary charge and a fourth degree felony. However, on October 24th, Appellant made a motion to withdraw the October 6th guilty plea; the trial court sustained Appellant's motion in a judgment entry issued on November 4, 1997. The case proceeded to a jury trial on the original charge contained in the indictment. The following facts were adduced at trial:
Appellant and Tammy Austin had been in a relationship from September, 1996, until July, 1997, when Tammy asked Appellant to move out of her apartment. On the evening of August 14, 1997, Tammy finished her shift at work and went over to an apartment where her friend, Scott Davis, resided. The evidence disclosed that Tammy fell asleep while watching a movie with Davis, her son and Davis' son. Davis eventually carried Tammy to his bed and the two slept until approximately 1:00 a.m. when they heard a loud knock on the back door, which was located about two feet from the bed. The evidence revealed that Appellant arrived at Davis' apartment to ask Tammy to give him some things he had left at her home such as a phone bill and other important papers. Tammy told Appellant she would get the items to him the next day and Appellant left without incident.
However, Tammy testified that she could not sleep after Appellant's visit so she called his employer, Marion Red Cab Company, and told the dispatcher to relay a message to Appellant to meet her at her home so she could give him his things that night.[1] Appellant met Tammy at her home and Tammy stated that although Appellant was angry with her over their relationship, he left her home without trouble after about fifteen minutes. Tammy then went back to Davis' apartment and fell asleep in his bed.
At about 4:30 a.m. that same morning, Davis and Tammy were awakened again, this time by the sound of breaking glass at the back door. Davis' back door had an outside aluminum storm door and an inside wooden door with three large glass panels. The evidence demonstrates that the bottom glass panel on the inside door had been broken. Tammy testified that she looked up and saw Appellant's arm in between the screen door and the wooden door. She also stated that Appellant's feet were on the wooden door jamb while his toes were on the foyer floor. A box of donuts was strewn across the floor along with several pieces of window glass and some wooden molding. Davis and Tammy testified that Appellant left the scene quickly; however, the couple said that they heard Appellant state that he would get their "sorry asses" as he left.
Tammy alerted the police just after the incident. Officer Michael Radcliff arrived on the scene, but left shortly thereafter to locate Appellant at the Marion Red Cab station. Officer Radcliff stated that when Appellant arrived at the station, the officer asked Appellant "if he knew why I was there." Officer Radcliff stated that Appellant first said that he did not know. However, before the officer asked another question, Appellant told him that he was there, "because my girlfriend was fucking some guy." The officer stated that Appellant then admitted to breaking the window; Appellant was advised of his rights, questioned further and subsequently arrested.
Based upon the evidence presented, the jury returned a not guilty verdict on the original charge on January 30, 1998, but found Appellant guilty of the inferior burglary offense, a violation of R.C. 2911.12(A)(4). Sentencing was delayed until March 10, 1998 to allow time for a pre-sentence investigation. The court subsequently sentenced Appellant to a term of seventeen months in prison; the judgment entry of sentencing was issued on March 17, 1998. The matter is now before this court for consideration of Appellant's four assignments of error.
Assignment of Error I
 Defendant's conviction for burglary was not supported by sufficient evidence and was, in fact, against the manifest weight of the evidence. The trial court erred in denying Defendant's motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
Appellant's first assignment of error raises issues of both sufficiency and weight of the evidence. Since these arguments require us to use different legal standards, State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus, we will address Appellant's sufficiency claim first.
At the close of the prosecution's case in chief, counsel for Appellant made a motion for acquittal pursuant to Crim.R. 29; the trial court overruled the motion. Counsel for the defense renewed the motion for acquittal at the close of the entire case and the trial court again overruled the motion. Appellant now assigns error to the actions of the trial court and argues that the evidence was insufficient to support a conviction. For the reasons that follow, we disagree with Appellant's contention.
In reviewing a claim of insufficient evidence under Crim.R. 29, an appellate court must
 [E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2911.12(A)(4) provides:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
Appellant argues that the prosecution failed to prove the essential element of trespass beyond a reasonable doubt. R.C.2911.21 states the following relevant definition of criminal trespass:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another;
In this case, Appellant argues that the evidence was insufficient to support the conclusion that he entered Scott Davis' apartment. We disagree. "[E]vidence of the insertion ofany part of the body into an occupied dwelling is sufficient to constitute a trespass for the purpose of establishing" a burglary offense. [Emphasis added.] State v. Smith (Nov. 15, 1994), Franklin App. 94APA04-502, unreported; State v. McIntosh
(Sept. 21, 1989), Franklin App. 89AP-301, unreported. Tammy Austin's unrefuted testimony establishes that Appellant's feet, or at least his toes, were on the tile foyer floor inside Davis' apartment. Appellant's first assignment of error, insofar as it raises the issue of sufficiency of the evidence, is overruled.
We will now discuss Appellant's claim that his conviction was against the manifest weight of the evidence. In reviewing such a claim, an appellate court must
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses, and [determine] whether in resolving conflicts in the evidence, the jury clearly lost its way * * *.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387. TheThompkins court also stated that an appellate court should only grant a new trial in extraordinary cases "where the evidence weighs heavily against conviction." Id.
We are not persuaded that the evidence weighs against conviction in the case at bar. The evidence presented establishes that at 4:30 a.m., Appellant broke a glass panel on an inside door approximately two feet from where he knew people were sleeping. The evidence also establishes that Appellant stepped into Scott Davis' apartment, threw a box of donuts through the door and made a threatening remark as he left the scene. Appellant's conviction for a violation of R.C.2911.12(A)(4) was not against the manifest weight of the evidence.
Because we have found that the evidence was sufficient to support a conviction and that the conviction was not against the manifest weight of the evidence, Appellant's first assignment of error is overruled.
Assignment of Error II
 Defendant was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by counsel's failure to request instructions to the jury of the lesser included offense of Criminal Trespassing.
A claim of ineffective assistance of counsel will not be successful unless an appellant can demonstrate that his attorney performed below a reasonable standard of representation and that such performance caused the appellant to be prejudiced. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136. Further, in order to establish prejudice, an appellant must show that in the absence of certain errors, there is a reasonable probability that the outcome of the proceedings would have been different. Id. In this case, Appellant argues that he was denied effective assistance of counsel because his attorney did not ask for a charge on criminal trespassing. We disagree.
The Supreme Court of Ohio has stated that an offense may be classified as a lesser included offense of another if the following tests are satisfied:
 (i) [T]he offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
R.C. 2911.12(A)(4) provides, in pertinent part:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
R.C. 2911.21 states the following relevant definition of criminal trespass:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another;
We acknowledge that criminal trespass is a lesser included offense of burglary since criminal trespass is only a misdemeanor offense, while burglary is a felony; a burglary cannot be committed without also committing a trespass; and certain elements of burglary are not required to prove the commission of criminal trespass such as force and the presence of others. See, e.g., State v. Smith (1990), 68 Ohio App.3d 692. However, even if an offense can be classified as a lesser included, such an instruction is not required unless the evidence would reasonably support an acquittal on the charged offense and a conviction on the lesser included offense. Statev. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
Here, we find that Appellant's trial counsel did not err by failing to ask for a charge on criminal trespass. Such a charge was not required since the evidence presented does not reasonably support an acquittal on burglary and a conviction on criminal trespass. Specifically, the evidence establishes that persons other than the offender were likely to be present in Davis' home at 4:30 a.m., especially in light of the fact that Appellant had been there approximately three hours earlier and found that Tammy and Davis were already in bed. In addition, the evidence also reveals that Appellant entered Davis' apartment with force by breaking a glass panel out of the inside door. Based upon these facts, an acquittal on burglary and a conviction on trespass does not seem reasonably possible. Therefore, Appellant's attorney did not err in failing to request an instruction on the lesser included offense of criminal trespass.
Appellant's second assignment of error is overruled.
Assignment of Error III
 The trial court erred to the prejudice of the Defendant by permitting testimony of character and/or of other acts allegedly committed by the Defendant and directed by him when the same were clearly inadmissible under Evidence Rule 404 of the Ohio Rules of Evidence.
Appellant argues that the trial court committed prejudicial error by admitting certain character and/or hearsay testimony from Tammy Austin. Particularly, Appellant assigns error to the admission of Tammy's statements concerning comments made by Appellant during their relationship wherein he would say that he did not like people to cross him and that he would "take care of things" if they did. Appellant also claims that the trial court erred in admitting Tammy's testimony about receiving threatening phone calls from two of Appellant's friends after he had been arrested on the instant burglary charge.
Assuming, arguendo, that the trial court erred in admitting this testimony, we are not persuaded that such error was prejudicial. Relevant case law states that seemingly minor errors in the admission of evidence are harmless as long as there exists overwhelming evidence of a defendant's guilt from other sources. State v. Wernet (1996), 108 Ohio App.3d 737,745.
In this case, we find that there was overwhelming evidence of Appellant's guilt, separate from the above mentioned testimony. Indeed, the unrefuted testimony was that at 4:30 a.m., Appellant broke a large glass panel on a door that was located approximately two feet from where he knew people were sleeping. Appellant then trespassed into Scott Davis' apartment by stepping on the inside foyer floor and threw a box of donuts across the room. Thereafter, Appellant made a threatening comment to his ex-girlfriend and Davis and quickly left the residence. Appellant then made a statement to the arresting officer going to his purpose for being at Davis' apartment that night. Based upon these facts, any other evidence about prior statements and phone calls was harmless.
Appellant's third assignment of error is overruled.
Assignment of Error IV
 The trial court erred in ordering the Defendant to pay the cost of his court-appointed counsel and the costs of trial.
In the case at bar, the judgment entry of sentencing stated that costs and attorney fees were assessed against Appellant. Contrary to Appellant's argument, we find that the trial court did not err in assessing the costs of prosecution against Appellant. R.C. 2947.23 provides, in relevant part:
 In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs * * *.
Based upon the plain language of the foregoing statute, we cannot find that the trial court erred in assessing costs against Appellant.
On the other hand, we agree with Appellant that the court erred by including court-appointed attorney fees in the judgment. R.C. 2941.51 addresses the payment of court-appointed counsel. This section provides that the county must reimburse a court-appointed attorney for any fees and expenses that the trial court approves. However, R.C. 2941.51(D) states that the represented defendant must reimburse the county for the expenses of a court-appointed attorney if that person "has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to him * * *." In this case, Appellant argues that the trial court erred in ordering him to pay the cost of his court-appointed counsel without first determining whether Appellant had the ability to pay. Appellant's argument is well-taken.
In Galion v. Martin (Dec. 12, 1991), Crawford App. 3-91-06, unreported, this court addressed the issue and stated that:
 [A]n indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay.
See, also, State v. Watkins (1994), 96 Ohio App.3d 195.
The judgment entry of sentencing here merely states "appointed attorney fees assessed." Since the court failed to make a finding on the record that Appellant has or may be expected to have the ability to pay these attorney fees, the court erred in ordering Appellant to do so.
Appellant's fourth assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court as to the payment of court appointed attorney fees, and affirm the judgment in all other respects. The matter is remanded for further proceedings in accordance with this opinion.
Judgment reversed in part, affirmed in part and causeremanded.
BRYANT, P.J., and SHAW, J., concur.
[1] Appellant was working his shift as a cab driver for Marion Red Cab at all times relevant.