**The STATE of Ohio, Appellee,**

v.

**McLEAN, Appellant.**

[Cite as *State v. McLean* (1993), 87 Ohio App.3d 392.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920494.

Decided April 28, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellee.

*Derek W. Gustafson,* for appellant.

GORMAN, Judge.

The defendant-appellant, Thomas McLean, appeals from his conviction for aggravated assault. In his single assignment of error he contends that the

sentencing court's order requiring him to repay his court-appointed attorney fees as a condition of probation was improper for two reasons: (1) it violated the Sixth Amendment to the United States Constitution, and (2) it exceeded the scope of a valid condition of probation. The assignment of error is not well taken.

McLean was indicted for felonious assault. He negotiated a plea agreement with the state and entered a guilty plea to a reduced charge of aggravated assault. The trial court suspended the one-and-one-half-year definite term of imprisonment and ordered McLean to serve a two-year period of probation. In addition to the general conditions of probation pursuant to R.C. 2951.02(C), the trial court also ordered McLean to perform one hundred hours of community service, successfully complete the Talbert House Program, pay restitution to the victim, and repay costs and attorney fees to the county. The objection by McLean's court-appointed attorney to the condition of probation requiring repayment of attorney fees was overruled. The trial court subsequently approved the application by McLean's attorney for fees in the sum of $300 and forwarded the order to the county auditor for payment.

In the first branch of his assignment of error, McLean challenges the trial court's order to repay his court-appointed attorney fees as a condition of probation, arguing that it has a chilling effect on the right to counsel in violation of the Sixth Amendment. At the outset we disagree with the Fourth District's decision in *State v. Shelton* (1989), 63 Ohio App.3d 137, 578 N.E.2d 473, relied on by McLean for its holding that such a condition of probation violates the Sixth Amendment. In *Fuller v. Oregon* (1974), 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642, the United States Supreme Court considered this very issue in the context of the Oregon statute which provides for recoupment by the state of attorney fees and expenses it has paid for indigent criminal defendants who subsequently acquire the financial means to repay the costs of their defense. Under the Oregon statute, collection only occurs if the convicted defendant's indigency ends or the trial judge determines that no unjust hardship will result. The court rejected the argument that this manner of collecting attorney fees chills an indigent defendant's assertion of constitutional rights because mere knowledge that he may have to repay the expenses of a court-appointed attorney, standing alone, does not affect the accused's ability to obtain legal assistance.

Although the prosecutor and McLean do not cite R.C. 120.05(D), Ohio similarly has a recoupment statute, which states:

"Where the person represented has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to him, he shall

reimburse the state public defender in an amount which he can reasonably be expected to pay."

As provided in R.C. 120.15(D), this section (R.C. 120.05[D]) applies equally to state and county public defenders and reflects the General Assembly's policy favoring collection of attorney fees for court-appointed counsel from criminal defendants who have the ability to pay.

▪ An additional safeguard that prevents a sentencing judge's imposition of a repayment condition from giving rise to any constitutional violation is that revocation of probation for nonpayment of fees is effectively limited by operation of law despite the silence of R.C. 120.05. Before the trial court can revoke probation due to nonpayment, Crim.R. 32.3 guarantees the essentials of due process outlined in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. It is incumbent upon the trial court to determine if nonpayment is because of the probationer's inability to pay solely due to economic status rather than wilful or intentional conduct. *Fuller v. Oregon, supra.* However, even when a probationer has made an unsuccessful bona fide effort to pay, the United States Supreme Court has held that if under strict judicial scrutiny it can be shown alternative measures are inadequate to protect the state's interest in punishment and deterrence, the trial court may still revoke probation and imprison the defendant. *Bearden v. Georgia* (1983), 461 U.S. 660, 672–673, 103 S.Ct. 2064, 2073, 76 L.Ed.2d 221, 232–233.

▪ In this appeal, the sentencing judge's findings pose the final, insurmountable barrier to the success of McLean's argument on the first issue he raises in his assignment of error. Pursuant to R.C. 120.05(B), the sentencing court has the discretion to determine the accused's eligibility for representation by the public defender. After McLean's attorney objected to the order to repay attorney fees, the judge, utilizing the appropriate procedure, said:

"Well, the probation department report tells me that he's working, has been working as a temporary laborer at $4.25 an hour for the last two months. So I don't find that he's indigent at this time."

McLean presented nothing below to challenge the trial judge's timely redetermination of his indigency.[1] Because he has also failed to raise the issue on appeal, and because the trial court's finding is not contradicted by the record, his claim of a Sixth Amendment violation is utterly without merit.

---

1. The right to the assistance of court-appointed counsel in a criminal case is a factual issue which does not necessarily depend on the defendant's indigency or if he or she should be able to employ counsel, but on whether, in fact, the defendant is unable to employ counsel. *State v. Tymcio* (1975), 42 Ohio St.2d 39, 71 O.O.2d 22, 325 N.E.2d 556.

■ In the second branch of his assignment of error, McLean contends that the trial court imposed a condition of probation beyond the scope of R.C. 2951.02(C), which provides in pertinent part:

"In the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, *the court may impose additional requirements* on the offender, *including, but not limited to,* requiring the offender to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense * * *." (Emphasis added.)

■ This section grants broad discretion to the trial court to consider and impose any conditions that may be said reasonably to relate to the stated statutory ends. *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469. In the context of probation, with the test of reasonableness anchored to the language of R.C. 2951.02(C), the Ohio Supreme Court, in *Jones, supra,* at 53, 550 N.E.2d at 470, adopted the Sixth Appellate District's criteria from *State v. Livingston, infra,* to determine whether a condition of probation exceeded the scope of the statute:

"In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."

A convicted defendant's repayment of attorney fees for court-appointed counsel fits within this three-part test. The need for court-appointed counsel relates directly to the convicted defendant's underlying crime, and as some have suggested, the acceptance of responsibility for the full consequences of the crime and the experience of economic independence created by repayment, enhance the probationer's self-esteem in the community and contribute to his rehabilitation. See *State v. Rogers* (Iowa 1977), 251 N.W.2d 239.

■ Courts have nullified a condition of probation as failing to satisfy the three-part test, when it involves a flagrant violation of a probationer's First Amendment or privacy rights. *State v. Jones, supra* (restriction on communication with all persons under eighteen years); *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409 (condition which prohibited the probationer from contacting parole board to inquire about spouse's status); *State v. Livingston* (1976), 53 Ohio App.2d 195, 7 O.O.3d 258, 372 N.E.2d 1335 (restriction on giving birth). Here, the General Assembly's policy of allowing recoupment of fees for court-appointed counsel from convicted defendants finds further expression in

standards approved by the Public Defender Commission. Ohio Adm.Code 120–1–05. As a matter of state policy, recoupment of attorney fees paid by the state or local government meets the test of reasonableness. Under the safeguard of Crim.R. 32.2, a trial court can impose and enforce repayment of attorney fees as a valid special condition of probation.

The underlying policy which relates to the trial court's condition of probation in this case suggests that the scope of probation and its uses, perhaps, should be even broader. The current trend is an appeal by government officials and the public alike for trial judges to employ innovative sentences in light of the cost of incarceration and the crisis of overcrowded jails and prisons.[2] Although Ohio's guidelines for probation in R.C. 2951.02(C) were influenced in H.B. No. 511 by the ABA Project on Standards Relating to Probation (1970), Section 3.2, and focus principally on the probationer's rehabilitation if the state's penological interests do not require imprisonment, it may well be time for the General Assembly to reexamine probation and its scope in the light of contemporary concerns in the 1990s.

We conclude that the second branch of the assignment of error is fatuous and reject it.

For these reasons McLean's assignment of error is overruled, and the trial court's judgment of conviction is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., and HILDEBRANDT, J., concur.

---

2. The fifty-percent share of the contribution paid by the state public defender for representation of criminal defendants has decreased to thirty-seven percent, leaving the counties to pay the balance. Boneberger, Ohio's New Public Defender, 7 Ohio Lawyer (Mar.–Apr. 1993) 8, 26.