The STATE of Ohio, Appellee,

v.

KRUG, Appellant.

[Cite as *State v. Krug* (1993), 89 Ohio App.3d 595.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920703.

Decided July 7, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Edward J. McTigue,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the record filed herein, the briefs, and arguments. We have *sua sponte* removed this appeal from the accelerated calendar.

█ The defendant-appellant, Gary J. Krug, appeals from his conviction for domestic violence, a violation of R.C. 2919.25. In his single assignment of error, he contends that the trial court's order suspending his driving privileges was an invalid condition of probation. We agree.

The defendant drove to a convenience store where his wife had gone after an argument at their apartment. There, he grabbed her by the hair and threw her into his automobile where he struck her several times. He then drove to their apartment and, once inside, resumed striking her. She suffered black eyes, a bruised and bloody nose, other bruises, and clumps of hair torn from her head. The trial court imposed the driving suspension, pursuant to R.C. 4507.16(A)(2), which authorizes suspension of a driver's license for a "felony in the commission of which a motor vehicle is used."

█ Observing that the defendant, who drives for a living, had numerous traffic violations, the trial court appropriately expressed its concern. However, there was no basis in the record from which the trial court could conclude that the defendant's automobile was used in the commission of domestic violence. Such a hypothesis assumes that, whenever an automobile is the means of transportation to or from a crime scene, a driver's license suspension is an option available to the sentencing judge. We hold, to the contrary, that the intent of R.C. 4507.16(A)(2) is reserved to those situations in which the motor vehicle is used either as a weapon or to transport contraband, or is the subject of the crime charged. Accordingly, the trial court exceeded its jurisdictional limits by attempting to include in the sentence a sanction that is not provided for by law.

■ In the alternative, we have also considered the license suspension as a special condition of probation. A condition of probation must conform to R.C. 2951.02(C), which provides, "[i]n the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." To determine if the condition of probation is related to the "interests of doing justice, rehabilitating the offender, and ensuring his good behavior," the Ohio Supreme Court has adopted a three-tier test in which a reviewing court must determine if the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *State v. Jones* (1990), 49 Ohio St.3d 51, 58, 550 N.E.2d 469, 470; *State v. McLean* (1993), 87 Ohio App.3d 392, 622 N.E.2d 402. Although the trial court has broad discretion to impose special conditions of probation, its discretion is not unlimited.

■ Suspension of an offender's driver's license depends on a case-by-case analysis to determine if there exists a rational relationship between the condition of probation and the goals of R.C. 2951.02(C). In this case we adopt the reasoning of the Tenth District in *Columbus v. Harmon* (Sept. 27, 1990), Franklin App. No. 89AP–1412, unreported, 1990 WL 308124, setting aside a condition of probation imposing a driver's license suspension where the offender was convicted of the crime of indecent exposure while sitting in his automobile.[1] Similarly, we cannot find a rational relationship between the defendant's operation of a motor vehicle and his education and rehabilitation for a domestic violence conviction. Because the condition of probation was unreasonable, the trial court's imposition of a driver's suspension was an abuse of discretion. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597. Accordingly, the defendant's assignment of error is sustained.

The judgment is reversed in part and this cause is remanded to the trial court for correction of the sentence consistent with this decision.

*Judgment accordingly.*

KLUSMEIER, P.J., DOAN and GORMAN, JJ., concur.

---

1. Our decision in *State v. Butler* (Sept. 8, 1975), Hamilton App. No. C–84622, unreported, is distinguishable because the defendant there was convicted of a misdemeanor in which the use of an automobile in his plan to expose himself to children at different locations was held to be an "integral part of the course of conduct which led to Butler's conviction" for public indecency.