**The STATE of Ohio, Appellee,**

**v.**

**WATKINS et al., Appellants.**

[Cite as *State v. Watkins* (1994), 96 Ohio App.3d 195.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930823.

Decided July 20, 1994.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *L. Susan Laker*, Assistant Prosecuting Attorney, for appellee.

*Richard A. Magnus*, for appellants.

HILDEBRANDT, Presiding Judge.

Nikitro Watkins and Williefon Watkins, defendants-appellants, hit George Bowen on the head with a handgun. During that incident, they also broke the windshield on Bowen's automobile. On September 8, 1993, they pleaded guilty and were convicted of aggravated assault, R.C. 2903.12. The five assignments of error they bring on appeal all concern the sentences imposed by the trial court.[1]

■ The first and second assignments of error contend that the trial court improperly suspended appellants' driver's licenses under R.C. 4507.16(A)(2).[2] To suspend a person's license under this statute, there must be evidence in the record that the defendant's automobile was used in the commission of a felony. *State v. Krug* (1993), 89 Ohio App.3d 595, 626 N.E.2d 984. Because there is no evidence in this record to that effect, both assignments of error are sustained.

■ In the third assignment of error, appellants contend that the trial court erred by requiring them to pay $1,404 in restitution. Appellants do not dispute $366.17 of the restitution amount. The $366.17 was for the windshield that appellants broke during the course of their crimes. Appellants argue, however, that they should not be liable in restitution for the balance, $1,037.83, because that portion was not for property damage. See, generally, R.C. 2929.21(E); *State v. Theuring* (1988), 46 Ohio App.3d 152, 156–157, 546 N.E.2d 436, 440. Here, the court drew the $1,404 figure from a victim-impact statement and noted that Bowen could use it to show proof of loss to an insurance company. Therefore, because the record shows that only $366.17 of the $1,404 was for property

---

1. We have *sua sponte* removed this cause from the accelerated calendar.

2. The judgment entries state: "Defendant is to make restitution of $1404.00. Defendant is to pay court costs, attorney fees and $300 for P.S.I. Defendant's driver's license is suspended for three (3) years, 4507.16 R.C."

damage, that portion of the third assignment of error that concerns the $1,037.83 is sustained. In all other respects, the third assignment of error is overruled.

In the fourth assignment of error, appellants maintain that the trial court erred when it ordered them to pay attorney fees for their court-appointed counsel. The court may, as a condition of probation, order a criminal defendant to pay fees for a court-appointed attorney under R.C. 2951.02(C). *State v. McLean* (1993), 87 Ohio App.3d 392, 622 N.E.2d 402. In limited circumstances, even without probation, the court may order defendants to pay their attorney fees under R.C. 2941.51(D). That statute provides that the attorney fees can be assessed if "the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to him[.]" R.C. 2941.51(D).

In this case, the court did not impose the attorney fees as a condition of probation. The court also did not make a finding that appellants had the ability to pay the attorney fees. Therefore, the court erred by imposing attorney fees, and the fourth assignment of error is sustained. Accord *Galion v. Martin* (Dec. 12, 1991), Crawford App. No. 3-91-6, unreported, 1991 WL 261835.

In the fifth assignment of error, appellants argue that the court erred by ordering appellants to pay $300 for the presentence investigation report. Because the court may order defendants to pay the costs of prosecution under R.C. 2947.23, the issue here is whether the expense of a presentence investigation properly falls within the rule. Generally, when the meaning of a statute is not clear, the courts will attempt to determine the intent of the legislature. *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 45 O.O.2d 262, 242 N.E.2d 342, paragraph one of the syllabus; R.C. 1.49. When the courts seek to determine the intent of a criminal penalty, the legislature has stated that the provisions are to be "strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).

When applying these rules of construction to R.C. 2947.23, we find it helpful to note other distinctions that the legislature has made between the process of trial and probation. During the prosecution of a defendant, the state is attempting to prove every element of a crime beyond a reasonable doubt and the court is attempting to ensure a fair trial. *State v. Nolton* (1969), 19 Ohio St.2d 133, 134, 48 O.O.2d 119, 119, 249 N.E.2d 797, 798; *State v. Gillard* (1992), 64 Ohio St.3d 304, 311–312, 595 N.E.2d 878, 881. If, after the trial, the prosecution has established the defendant's guilt, the legislature has stated that the judge may order conditions of probation in the interest of "doing justice, rehabilitating the offender, and ensuring his good behavior * * *." R.C. 2951.02(C). To that end, the court may request a presentence investigation and order a defendant to

pay restitution or attorney fees that otherwise would not be imposed if he or she were incarcerated. *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 470; *McLean,* 87 Ohio App.3d at 397, 622 N.E.2d at 405; R.C. 2951.02(C), 2951.03(A). When probation is not granted, the trial court need not even order a presentence investigation. *State v. Cyrus* (1992), 63 Ohio St.3d 164, 586 N.E.2d 94, syllabus.

Therefore, in statutes related to probation, the legislature has described the role of the court as distinct from its duties when it presides at trial. Consequently, given a liberal construction in favor of the defendant, R.C. 2947.23 also must be read to distinguish prosecution and probation. As a result, a defendant's potential liability for "costs of prosecution" should not include costs of probation. Therefore, under R.C. 2947.23, the court may not order a defendant to pay expenses incurred preparing a presentence investigation.

The first and second assignments of error are sustained. The third assignment of error is sustained to the extent that appellants cannot be ordered to pay $1,037.83 of the $1,404 assessed as restitution. The third assignment of error is overruled with respect to the $366.17 assessed for property damage. The fourth and fifth assignments of error are sustained.

The decision of the lower court, therefore, is affirmed in part and reversed in part. This cause is remanded for further proceedings consistent with this opinion.

*Judgments affirmed in part,*
*reversed in part*
*and cause remanded.*

KLUSMEIER and M.B. BETTMAN, JJ., concur.