DECISION AND JUDGMENT ENTRY
This matter is before the court pursuant to our previous grant of defendant-appellant Darrell Brown's application to reopen his appeal concerning his conviction for receiving stolen property.
Appellant was indicted on November 25, 1996, on one count of receiving stolen property, in violation of R.C. 2913.51. On July 8, 1997, a jury trial was held and appellant was found guilty.
On August 11, 1997, a sentencing hearing was held. On August 15, 1997, the trial court filed its judgment entry which ordered appellant to serve one year in prison, pay restitution in the amounts of $500 to the victim and $128.90 to American Insurance Company, and pay all prosecution and court appointed counsel costs and fees.
Appellant then filed a notice of appeal on September 12, 1997. On direct appeal, appellant set forth three assignments of error, none of which addressed issues relative to sentencing. This court found all assignments of error not well-taken and affirmed the trial court. State v. Brown (Sept. 4, 1998), Lucas App. No. L-97-1332, unreported.
On December 3, 1998, appellant filed an application to reopen his appeal pursuant to App.R. 26(B) and this court granted his application. In this appeal, appellant asserts the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN ORDERING MR. BROWN TO PAY RESTITUTION. (Sent. T.p. 9; Judgment Entry).
 "SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT COMMITTED PLAIN ERROR BY ORDERING MR. BROWN TO PAY COURT-APPOINTED-COUNSEL [SIC.] FEES. (Judgment Entry).
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT FAILED TO COMPLY WITH REVISED CODE SECTION 2929.19(B)(3)(B), (C) AND (E) AT MR. BROWN'S SENTENCING HEARING. (Sent. T.p. 2-17).
 "FOURTH ASSIGNMENT OF ERROR
 "MR. BROWN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
 AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. (Sent. T.p. 2-17; Judgment Entry).
In appellant's first assignment of error, he contends that the trial court erred when it ordered him to pay restitution absent any evidence of the amount claimed and absent a finding of appellant's ability to pay. At the time of sentencing, appellant's trial counsel failed to object to the order.
Preliminarily, we note that an appellate court need not consider an error which appellant failed to bring to the trial court's attention through an objection. See Crim.R. 52(B). However, a court should take notice of such errors where, "but for the error, the outcome of the trial clearly would have been different."State v. Long (1978), 53 Ohio St.2d 91, 97.
R.C. 2929.18(A) provides that a trial court may order an offender to pay restitution to the victim of the offender's crime "* * * in an amount based on the victim's economic loss." In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. State v. Marbury
(1995), 104 Ohio App.3d 179, 181. Thus, restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. State v. Brumback (1996), 109 Ohio App.3d 65,82. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83; Statev. Warner (1990), 55 Ohio St.3d 31, 69; State v. King (Feb. 27, 1998), Wood App. No. WD-97-015, unreported. Where the amount of restitution ordered does not bear a reasonable relationship to the loss suffered, the outcome of the trial as to restitution clearly would have been otherwise and therefore amounts to plain error. State v. Johnson (June 30, 1999), Auglaize App. No. 2-98-39, unreported; State v. Clark (June 19, 1998), Greene App. No. 97-CA-27, unreported.
In the present case, the record is devoid of evidence to support the trial court's restitution award. At appellant's August 11, 1997 sentencing hearing, the following discussion took place:
"THE COURT: * * *.
 "Now in this matter, you have also destroyed property, and it will be ordered that you make restitution to Mr. Carl Housley [the victim] in the amount of $500.00, and to the Westfield National Insurance Company in the amount of $1928.07 for property destroyed in the course of this offense.
"Anything further:?
 "MR. RILEY: Your Honor, as it relates to the restitution, I think Mr. Housley testified there was only damage, if any, done to the window.
"We asked the Probation Department —
THE COURT: He also stole some — how many gallons of paint was it?
"MR. RILEY: No —
"THE DEFENDANT: Gallons of paint?
 "THE COURT: Yeah. Do you remember Mr. Housley went into the paint store to pick up eighty gallons of paint, which went by the way?
"Anyway, that's the order."
Upon review of the trial transcript we find, as appellant's trial counsel stated at the sentencing hearing, that the only reference to the victim's economic loss was the cracked windshield of his pick-up truck. No monetary value was assigned to the damage.[1]
Further, the trial testimony does not support the trial court's assertion that appellant stole paint from the victim's vehicle. The victim testified that his vehicle was stolen when he went into the paint store in order to retrieve the paint. Thus, since the paint was not in the vehicle when it was stolen, appellant could not have acquired the paint when he obtained the vehicle.
Based upon the foregoing, we find that because the record is devoid of competent, credible evidence from which the trial court could ascertain the actual economic damages suffered by the victim, the trial court erred in ordering appellant to pay restitution. Accordingly, appellant's first assignment of error is well-taken.
In his second assignment of error, appellant argues that the trial court erred by ordering appellant to pay court-appointed counsel fees. Specifically, appellant argues that the trial court erroneously ordered appellant to pay court-appointed counsel costs without first making a finding as to appellant's ability to pay as required under R.C. 2941.51(D).
R.C. 2941.51(D) provides, in part:
 "The fees and expenses * * * shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to him, he shall reimburse the county in an amount that he reasonably can be expected to pay."
In Galion v. Martin (Dec. 12, 1991), Crawford App. No. 3-91-6, unreported, the Third Appellate District addressed this issue and held that:
 "[A]n indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay. The court may not imprison the defendant in order to compel him to pay the civil judgment of the attorney fees."
See State v. Burns (Mar. 15, 1999), Marion App. No. 9-98-21, unreported; State v. Watkins (1994), 96 Ohio App.3d 195, 198.
In the present case the trial court made no determination on the record that appellant was able to pay for his court-appointed counsel. Accordingly, we find appellant's second assignment of error well-taken.
Appellant next argues that the trial court erred at sentencing when it failed to notify appellant, pursuant to R.C. 2929.19(B)(3)(b), (c) and (e), that he is subject to the "bad time" provisions under R.C. 2967.11 and post-release control under R.C. 2967.27.[2]
This court addressed a similar issue in State v. Sanchez
(Oct. 22, 1999), Ottawa App. No. OT-99-014, unreported. InSanchez, appellant argued that the trial court failed to notify him of the bad time provisions. We determined that the trial court failed to comply with the sentencing requirements under R.C.2929.19(B), despite a written plea form acknowledging notification of the postconviction provisions at the plea hearing, because the trial court made no reference to prior discussion of the postconviction issues at the time of sentencing.
In the instant case, the evidence of notification is even less compelling than Sanchez. The judgment entry does state that "[d]efendant has been given notice under R.C. 2929.19(B)(3);" however, evidence of notification is absent from the record. Thus, we find that the trial court failed to satisfy the notice requirement of R.C. 2929.19(B). Accordingly, appellant's third assignment of error is well-taken.
In appellant's fourth and final assignment of error, he argues that trial counsel was ineffective based upon his previous assignments of error. Based upon our rulings in the first three assignments of error, we find appellant's claim of ineffective assistance of counsel moot. Accordingly, appellant's fourth assignment of error is not well-taken.
On consideration whereof, we find that appellant was prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is reversed as to the restitution order and order to pay court-appointed counsel fees. We further find that the sentence imposed by the trial court in this case is vacated, and this case is remanded for resentencing in accordance with the requirements of R.C. 2929.19. Appellee is ordered to pay the court costs of this appeal.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J., JUDGE
 _______________________________ James R. Sherck, J.,
 _______________________________ Mark L. Pietrykowski, J., JUDGE
CONCUR.
[1] Additionally, the trial court's order at sentencing differs from the journalized judgment entry. At sentencing, the trial court ordered that appellant pay $1928.07 to Westfield National Insurance Company; however, the trial court's entry orders appellant to pay $128.90 to American Insurance Company.
[2] R.C. 2929.19(B) provides, in relevant part:
 "Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
"* * *;
 (b) Notify the offender that the parole board may extend the stated prison term if the offender commits any criminal offense under the laws of this state or the United States while serving the prison term, that the extension will be done administratively as part of the offender's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board;
 (c) * * *, if the offender is being sentenced for a felony of the first degree, for a felony of the second degree, for a felony sex offense, as defined in section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person, notify the offender that a period of post-release control pursuant to section 2967.28 of the
Revised Code will be imposed following the offender's release from prison;
"* * *.
 (e) Notify the offender that, if a period of post-release control is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates a post-release control sanction imposed as a component of the post-release control including the mandatory condition described in division (A) of section 2967.121 [2967.12(1)] of the Revised Code, all of the following apply:
 "(i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.
 "(ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 "(iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.
 "(iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation."