OPINION
The defendant-appellant, Trudy Nelson ("appellant"), appeals the judgment of the Shelby County Court of Common Pleas sentencing her to maximum, consecutive terms of imprisonment. The appellant also appeals the court's imposition of various financial sanctions. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.
The pertinent facts and procedural history in this matter are as follows. On June 16, 1999, the appellant was indicted on forty-one counts of criminal conduct, the majority of which stemmed from the prescription of narcotics to patients. Pursuant to a negotiated plea agreement, the appellant pled guilty on December 28, 1999, to one count of attempting to corrupt another with drugs, a felony of the third degree; three counts of trafficking in drugs, felonies of the fourth degree; one count of failure to file tax returns, a felony of the fifth degree; and one count of theft of drugs, a felony of the fourth degree. In exchange for her guilty pleas, the remaining charges were dismissed.
On February 15, 2000, the trial court sentenced the appellant to the maximum sentence of five-years imprisonment on the charge of attempting to corrupt another with drugs. The court imposed a sentence of one-year imprisonment on each of the remaining charges. The court ordered the one-year sentences to be served concurrent with each other, but consecutive to the five-year term, for a total sentence of six-years imprisonment. The trial court fined the appellant $300 for the charge of attempting to corrupt another with drugs and $200 for each of the remaining charges, for a total of $1300. The appellant was also ordered to pay the costs of prosecution and court appointed counsel. It is from this judgment that the appellant now appeals, asserting three assignments of error.
 Assignment of Error No. 1 The trial court erred in imposing the maximum sentence when it failed to make explicit findings on the record that demonstrate why the maximum sentence should be imposed, required under Ohio Revised Code Section 2929.14(C), denying appellant her right to due process and meaningful appellate review under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
 The appellant pled guilty to one count of attempting to corrupt another with drugs, a felony of the third degree. The trial court sentenced her to five years imprisonment for this charge, the maximum term allowed by law. The appellant contends that the trial court's decision to impose the maximum sentence is not support by the facts contained in the record and is contrary to law. For the following reasons, we disagree.
The Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.14, and 2929.19, which in effect determine a particular sentence and a sentence unsupported by these findings is both incomplete and invalid. State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60, unreported; see, also Statev. Russell (March 13, 2000), Auglaize App. No. 1-98-81, unreported. A trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing. Bonanno, supra at 6. Further, when required, the Court must state its particular reasons for doing so. Id. R.C. 2953.08(G)(1) permits this court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence is otherwise contrary to law.
When sentencing an offender on a third degree felony, a trial court may impose a prison term ranging from one to five years. See. R.C. 2929.14(A)(3). In addition, when determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under R.C. 2929.11 and with R.C.2929.12. R.C. 2929.12 provides various factors a court must consider in determining whether the offender's conduct is more or less serious than conduct normally constituting the offense and the likelihood of recidivism. See R.C. 2929.12(A).
In the case sub judice, the trial court found that the appellant's conduct was more serious than conduct normally constituting the offense. The court pointed to the fact that the appellant's victims suffered both physical and psychological harm and that as a physician, the appellant was in a position of trust and used this position in committing the offense. While the court found that recidivism on the part of the appellant was unlikely, the seriousness factors outweighed the recidivism factors and therefore, the appellant was not amenable to community control.
Upon finding that pursuant to R.C. 2929.12, prison is the most appropriate punishment, the trial court must then turn to R.C.2929.14. Subsection (B) of this statute provides that if an offender has not previously served a prison sentence the court must impose the shortest term unless it finds on the record that "the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime * * *." The record in this matter indicates that while the appellant had not previously served a term of imprisonment, the trial court found that "to impose the shortest prison term would demean the seriousness of your [the appellant's] conduct."
Once a trial court finds that the shortest term of imprisonment is not an appropriate sanction, it may then properly impose the maximum term upon concluding, among other things, that the offender committed one of the worst forms of the offense or that the offender poses the greatest likelihood of committing future crimes. R.C. 2929.14(C); Russell, supra at 2. Additionally, pursuant to R.C. 2929.19(B)(1)(e), when the court imposes the longest term available, it is required to state its reasons for doing such. In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The court indicated that "finds on the record" merely means that the court must specify which statutorily sanctioned ground it has relied upon in deciding to impose a particular sentence, i.e. that the offender has committed the worst form of the offense. Id. at 326. However, when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term, the court must make theapplicable findings, and then provide a factual explanationsetting forth the basis for those findings. Id.
In the instant case, the record indicates that the trial court properly considered all of the relevant statutes and made the required findings necessary to impose the maximum sentence. The court concluded that the appellant had committed the worst form of the offense and then stated its reasons for imposing the maximum sentence. The trial court found that the appellant had used her position of trust for both financial gain and personal control, that the victims suffered both physical and psychological harm, and that the appellant lacked remorse for her conduct. Therefore, despite the appellant's claim to the contrary, we find that the trial court did not err in imposing the maximum sentence.
Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 The consecutive sentences imposed by the trial court are contrary to the law, unsupported by the record and deprived Ms. Nelson of her rights to due process and meaningful appellate review under the Fourteenth Amendment to the United States Constitution as well as Article I, Section 16 of the Ohio Constitution.
 The trial court ordered that the appellant's sentences on Count One and Count Four be served consecutive to one another. The appellant contends that the sentence is contrary to law as the court failed to make the necessary findings in order to sentence her to consecutive sentences. For the following reasons, we agree.
R.C. 2929.14(E) states, in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Additionally, in imposing consecutive sentences, the trial court must follow the mandates contained in R.C. 2929.19(B)(2)(c), which requires the court to state its particular reasons for doing so at the hearing. Russell, supra, at 3.
A thorough review of the record in this matter reveals that the trial court failed to make the necessary findings required by R.C.2929.14(E) at the sentencing hearing. Furthermore, the court failed to provide an explanation for imposing a consecutive sentence, i.e. the court failed to set forth the factual basis underlying its findings, as required by R.C. 2929.19(B)(2)(c). As we previously stated, a trial court must strictly comply with the mandates set forth in the relevant sentencing statutes. Bonanno,supra, at 6. As the trial court failed to make the requisite findings and did not state its reasons for imposing consecutive sentences, the sentence is contrary to law.
Accordingly, the appellant's second assignment of error is well taken.
 Assignment of Error No. 3 The fines imposed by the trial court are contrary to law, unsupported by the record and deprived Ms. Nelson of her rights to due process, to counsel and meaningful appellate review under the sixth and fourteenth amendment to the United States Constitution as well as Article I §§ 10 and 16 of the Ohio Constitution.
 As part of the sentence imposed by the trial court, the appellant was fined a total of $1300.00 and ordered her to pay all costs of prosecution, including court appointed counsel costs. The appellant contends that the trial court failed to make findings concerning her ability to pay; therefore the imposition of this fine is unsupported by the record and contrary to law. As the imposition of the fines, costs of prosecution and attorney's fees require differing analysis, they will each be addressed separately.
Fines
R.C. 2929.18(A)(3) permits a court to impose a fine of up to ten thousand dollars ($10,000.00) when sentencing an offender on a third degree felony, up to five thousand dollars ($5000.00) on a fourth degree felony, and up to two thousand five hundred dollars ($2500.00) on a fifth degree felony. As the appellant pled guilty to one third degree felony, four fourth degree felonies, and one fifth degree felony, she faced a possible fine of up to thirty-two thousand five hundred dollars ($32,500). The fine imposed by the trial court was well with in the statutory limits.
The appellant contends that the trial court failed to make certain findings concerning her ability to pay the fines imposed. A distinction must be made between the initial imposition of a fine and any subsequent incarceration for non-payment of the fine. Pursuant to R.C. 2929.18(E), a hearing on the appellant's ability to pay is discretionary at the time the fines are imposed. R.C.2929.18(E) specifically states that a court imposing a financial sanction may hold a hearing to determine whether an offender is able to pay the sanction or is likely in the future to pay it. The language utilized by the General Assembly, as it relates to a hearing, unambiguously makes the holding of such purely discretionary. State v. Higgenbotham (March 21, 2000), Belmont App. No. 97 BA 70, unreported.
It is only upon enforcement of the fines with incarceration that the trial court is required to conduct a hearing to determine the appellant's ability to pay. R.C. 2947.14 mandates that a hearing be held to determine the ability to pay in the event an offender is facing incarceration due to non-payment. State v.Johnson (1995), 107 Ohio App.3d 723; State v. Rowley (March 19, 1997), Union App. No. 14-96-38, unreported. In the matter at hand, a hearing was not required as the trial court was merely imposing the fines as part of the appellant's sentence. The trial court had not yet sought to enforce the fines with incarceration; therefore the duty to hold a hearing was not triggered.
Furthermore, we have previously held that "while the court may accept an affidavit of indigency and appoint legal counsel in order to protect a defendant's Sixth Amendment rights, this fact alone does not decisively show that a defendant is unable" to pay a fine. State v. Slife (Dec. 5, 1991), Shelby App. No. 17-91-5, unreported; State v. Rowley (March 19, 1997), Union App. No. 14-96-38, unreported.
Accordingly, the appellant's third assignment of error, as it relates to the fines, is not well taken.
Cost of Prosecution
R.C. 2947.23 specifically provides that "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. Based upon the plain language of the foregoing statute, we cannot find that the trial court erred in assessing costs against the appellant. See, also, State v. Burns
(March 15, 1999), Marion App. No. 9-98-21, unreported.
Accordingly, the appellant's third assignment of error, as it relates to the costs of prosecution, is not well taken.
Court Appointed Counsel Fees
R.C. 2929.51 governs the payment of appointed counsel. R.C.2929.51(D) provides, in relevant part:
 The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to him, he shall reimburse the county in an amount that he reasonably can be expected to pay.
 In Galion v. Martin (Dec. 12, 1991), Crawford App. No. 3-91-6, unreported, this Court addressed this issue and held the following:
 An indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay. The court may not imprison the defendant in order to compel him to pay the civil judgment of the attorney fees.
 See State v. Burns (Mar. 15, 1999), Marion App. No. 9-98-21, unreported; State v. Watkins (1994), 96 Ohio App.3d 195, 198; State v. Brown (Nov. 19, 1999), Lucas App. No. L-97-1332, unreported.
While the trial court did not mention payment of these fees at the sentencing hearing, in the Judgment Entry, the court ordered the appellant to pay "all costs of prosecution, Court appointed counsel costs and any fees permitted pursuant to Revised Code Section 2929.18(A)(4)." As the trial court failed to make a finding on the record that the appellant has or may be expected to have the ability to pay these attorney fees, it was error to order the appellant to do so.
Accordingly, the appellant's third assignment of error, as it relates to payment of court appointed counsel fees, is sustained.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court as to the consecutive sentences and court appointed attorney fees, and affirm the judgment in all other respects. The matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and causeremanded.
 WALTERS and SHAW, JJ., concur.