This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Michael P. Carson appeals the sentence imposed by the Summit County Court of Common Pleas pursuant to Carson's guilty plea to the charge of felonious assault.
 I.
On January 20, 2000, Michael P. Carson was indicted on one count of felonious assault. Carson allegedly attacked a 91 year-old woman in her home on December 26, 1999. The crime charged was a second-degree felony. Upon advice of his counsel, Carson agreed to plead guilty. Pursuant to a plea agreement, the prosecution recommended a six-year sentence. At the plea hearing, the trial court advised Carson that there was no guarantee about the length of his sentence, which could be as long as eight years. With defense counsel present, Carson told the court that he understood he could be sentenced to the maximum of eight years. Carson advised the court that his plea was knowingly and willingly made. At the sentencing hearing, the judge imposed the maximum sentence of eight years in prison because she determined that Carson committed the worst form of the offense and that Carson posed the greatest risk of recidivism.
Carson filed a timely notice of appeal. However, his court-appointed counsel determined that there was no meritorious issue to brief and filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493. This court ordered counsel to file a merit brief, but counsel failed to do so. This court dismissed the first appellate counsel and appointed new counsel, who likewise filed an Anders brief. This court reviewed the entire trial court file, identified two issues that were arguably non-frivolous, and ordered counsel to brief these two issues and any others that counsel might discover. Pursuant to this court's order, Carson's appellate counsel assigned the two issues as errors for our review, but chose to argue only one.
 II.
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW APPELLANT OR HIS ATTORNEY AN OPPORTUNITY TO COMMENT ON THE SUMMARY OF THE CONTENTS OF APPELLANT'S CHILDREN SERVICES BOARD RECORDS AS REQUIRED BY 2951.03(B)(3) OF THE OHIO REVISED CODE.
The court allowed defense counsel to review the presentence investigation ("PSI") report filed with the court, which counsel described as "fair and accurate." The PSI report contained a summary of Carson's juvenile and adult criminal history, as well as a summary statement from the senior probation officer who prepared the PSI that Carson "has a history of assaulting elderly people; mainly, his grandmother." Carson's own statement in the PSI report indicated there had been violence in both his mother's home and his grandmother's home, where he lived as a teenager. However, Carson claimed that he was the victim of the violence. After hearing from the victim, the prosecutor, and defense counsel, the court allowed Carson to address the court on his own behalf.
However, after Carson addressed the court, the judge stated that in addition to the PSI report she had reviewed Carson's records from the Children Services Board which indicated that as a juvenile Carson had attacked his own grandmother. The judge said that she had gone beyond the PSI report, stating:
 "Now, I went to the extra effort and I went through your CSB (Children Services Board) records.
 "You know, everybody in life has problems. You had an alcoholic mother, but also when I read through the CSB records, you know what else I found? I found that you had a grandmother who loved you, and I also found out that you used violence on your grandmother on several occasions when she tried to take care of you and keep you in her home so you wouldn't have to go into a state custody. You even abused her."
 Carson's counsel did not object to the court's reference to the CSB reports without prior notice and without the opportunity for Carson to respond.
This court recently reviewed a sentencing wherein the trial court refused to release confidential portions of the PSI report, and then failed to allow the defendant to comment on the court's summary of the withheld portions of the PSI, as provided for in R.C. 2951.03(B). Statev. Phares (Sept. 20, 2000), Summit App. No. 19884, unreported, at 5. InPhares, this court remanded the case for resentencing because the trial court relied upon information in a PSI report that the court did not permit defense counsel to view and then failed to permit the defendant to comment on.
The matter at issue in the CSB reports, namely Carson's violence toward his grandmother, was also identified in the PSI report. Defense counsel had an opportunity to review the PSI before sentencing, and he found it to be "fair and accurate." Thus, Carson knew that before imposing sentence the trial court might consider the allegations of his attacks on his grandmother. Because Carson was aware of the allegation of violence that his counsel found to be "fair and accurate," any error in the trial court's failure to allow Carson to comment on the CSB reports was harmless error.
The first assignment of error is overruled.
 III.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A BROAD CONDITION OF PROBATION.
The trial court sentenced Carson to eight years in prison, sentenced him to a mandatory term of post-release control, and also ordered him to refrain from any contact, direct or indirect, with the victim or her family. This court asked Carson's appellate counsel to brief the issue of an unreasonable condition of probation.
Counsel declined to argue this issue because the court's order is not a condition of probation. Counsel further argued that even if it is construed as a condition of probation, it is reasonably related to the crime, it is intended to rehabilitate Carson and it relates to conduct which is criminal or is reasonably related to future criminality. SeeState v. Brillhart (1998), 129 Ohio App.3d 180, 183-184, quoting Statev. McLean (1993), 87 Ohio App.3d 392, 396.
Because counsel has declined to argue this matter, we will not address this assignment of error, pursuant to App.R. 12(A)(2).
 IV.
Having overruled appellant's assignments of error, we affirm the decision of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
WILLIAM R. BAIRD, CARR, J., WHITMORE, J. CONCURS.