DECISION AND JUDGMENT ENTRY
{¶ 1} Charles S. Paulsen appeals his two Hocking County Municipal Court convictions and sentences for violating a civil protection order on two separate occasions. On appeal, Paulsen contends that the trial court failed to comply with Crim. R. 44 when it denied his request for court appointed counsel. Because the trial court failed to inquire as to Paulsen's alleged inability to hire counsel, and because Crim. R. 44(B) prohibits confinement for a petty offense when a defendant does not waive his right to counsel, we agree and on remand we instruct the trial court to vacate the confinement part of Paulsen's sentence. Paulsen further contends that insufficient evidence supports his two convictions. Because, after viewing the evidence in a light most favorable to the state, we can find that any rational trier of fact could have found all the essential elements of violating a civil protection order on two separate occasions *Page 2 
proven beyond a reasonable doubt, we disagree. Paulsen further contends that his convictions are against the manifest weight of the evidence. Because we cannot find that in resolving conflicts in the evidence, the court, as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial granted, and because substantial evidence upon which the trier of fact could reasonably conclude that all the elements of violating a civil protection order twice were proven beyond a reasonable doubt, we disagree. Finally, Paulsen contends that the terms of the civil protection order were unreasonable, arbitrary, and unconscionable. Because a different trial court imposed the terms of the civil protection order in another case, and because Paulsen never appealed the other case, we find that res judicata bars him from raising this issue in this case. Accordingly, we affirm, in part, and vacate, in part, the judgment of the trial court. We remand this cause to the trial court with the instruction to vacate the confinement part of Paulsen's two sentences.
 {¶ 2} On July 20, 2005 one of Paulsen's neighbors sought a civil stalking protection order. The petitioner claimed that Paulsen threatened her life, and that she was in fear for her safety. The court entered an ex parte order and set the matter for a hearing on September 20, 2005. Paulsen appeared with counsel at the hearing. At the end of the hearing, the court entered a civil stalking protection order and gave a copy to Paulsen. The court ordered Paulsen to stay away from the petitioner and not to mow the lawn of a realty company near her. *Page 3 
 {¶ 3} In late 2007, the State filed two complaints against Paulsen claiming he violated the CSPO on two different dates. Before the trial and several times on the day of the trial, Paulsen asserted he wanted a lawyer. Initially, he wanted to retain his own lawyer, but on the day of the trial he asked the court to appoint him a lawyer. The court did not thoroughly address his desire to have counsel and continued with the trial. During the trial, Paulsen admitted to mowing the lawn that day; the original petitioner testified she saw him there in August and in November; the petitioner's niece testified that she saw him mowing the lawn in August; the petitioner's boyfriend testified in November he saw Paulsen on the lawn of the realty company pointing at his girlfriend; and the State entered pictures of Paulsen at the realty company on both days in question.
 {¶ 4} At the end of the trial, the court found Paulsen guilty on both charges. The court sentenced him to 180 days and fined him $1,000. The court then suspended 170 days and $900 of the fine.
 {¶ 5} Paulsen appeals, asserting the following three assignments of error: I. "THE COURT FAILED TO OBTAIN A VALID WAIVER OF THE APPELLANT'S RIGHT TO COUNSEL." II. "THERE WAS INSUFFICIENT EVIDENCE FOR THE TRIAL COURT TO FIND DEFENDANT GUILTY OF VIOLATING AN ORDER OF PROTECTION AND THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." And, III. "THE TERMS OF THE PROTECTION ORDER ISSUED BY THE COURT WERE UNREASONABLE, ARBITRARY, AND UNCONSCIONABLE, CONSTITUTING REVERSIBLE ERROR." *Page 4 
 II. {¶ 6} Paulsen contends in his first assignment of error that the trial court failed to comply with Crim. R. 44 when it denied his request for court appointed counsel.
 {¶ 7} This issue presents us with a question of law. "We review questions of law de novo." Cuyahoga Cty. Bd. of Commrs. v. State,112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 23.
 {¶ 8} Crim. R. 44(B) states, "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Further, "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. Crim. R. 44(C). "The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court." Crim. R. 44(D).
 {¶ 9} The State claims that Paulsen told the court at three separate pre-trials that he would hire counsel after the court cautioned him each time that he needed counsel. Paulsen does not deny the State's claim. In fact, he did not file a response (reply brief) to the State's claim.
 {¶ 10} Paulsen told the court on the morning of trial that he was unable to hire counsel because it cost too much. He asked the court to appoint counsel for him. The *Page 5 
court refused and proceeded with the bench trial. Throughout the trial, especially during his closing argument, Paulsen repeatedly asked for a lawyer.
 {¶ 11} The Sixth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution guarantee the right to assistance of counsel in all criminal prosecutions that may result in jail sentences. State v. Wellman (1974), 37 Ohio St.2d 162, 171, citingArgersinger v. Hamlin (1972), 407 U.S. 25. In Ohio, the right to assistance of court-appointed counsel in criminal cases is a factual issue that does not necessarily depend on the defendant's indigency or whether he or she should be able to employ counsel, but on whether, in fact, the defendant is "unable" to employ counsel. State v. Tymcio
(1975), 42 Ohio St.2d 39, 45; State v. McLean (1993),87 Ohio App.3d 392, 395.
 {¶ 12} The Tymcio court held that it is the duty of the trial court to inquire fully into the totality of the circumstances impinging upon a defendant's claimed inability to obtain counsel and determine his or her need for assistance in employing counsel or for court appointed counsel. The trial court in Tymcio found that the defendant was not indigent before trial. Id. at 40. However, on the morning of trial, the defendant did not have counsel. He told the court that he lacked funds to hire counsel and asked the court to appoint counsel for him. Id. The court refused because another judge had previously found that the defendant was not indigent. Id. The court proceeded to trial, and the defendant was convicted. The court of appeals affirmed his conviction. The Supreme Court of Ohio reversed and stated,
 To make the right to the assistance of court-appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought *Page 6 
to be able to employ counsel, but whether he is in fact able to do so. Absent a knowledgeable and intelligent waiver, a defendant may not be imprisoned unless he was represented by counsel at his trial.
 We hold that a preliminary determination of indigency cannot be permitted to foreclose a redetermination of eligibility for assigned counsel, when, at a subsequent stage of a criminal proceeding, new information concerning the ability or inability of the accused to obtain counsel becomes available. It is then the duty of the trial court to inquire fully into the circumstances impinging upon the defendant's claimed inability to obtain counsel, and his consequent need either for assistance in employing counsel, or for the assistance of assigned counsel. When an accused is financially able, in whole or in part, to obtain the assistance of counsel, but is unable to do so for whatever reason, appointed counsel must be provided. In such case, appropriate arrangements may subsequently be made to recompense appointed counsel for legal services rendered.
 The trial court's failure to ensure that defendant was adequately represented by counsel violated the mandate of Argersinger, and invalidates the judgment below. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.
Id. at 45.
 {¶ 13} Here, despite the repeated requests of Paulsen, the trial court did not inquire into Paulsen's claimed inability to obtain counsel as required by Tymcio. Further, without the valid waiver of counsel, the court did not have the authority to impose a jail term. See Crim. R. 44(B).
 {¶ 14} Accordingly, we sustain Paulsen's first assignment of error and on remand instruct the trial court to vacate the "confinement" part of his sentence.
 III. {¶ 15} In his second assignment of error, Paulsen contends that insufficient evidence supports his two convictions for violating an order of protection and that his convictions are against the manifest weight of the evidence. *Page 7 
 {¶ 16} The complaints filed against Paulsen alleged that Paulsen on two separate occasions recklessly violated the terms of a Protection Order. The relevant term of the existing civil protection order that the State alleged Paulsen violated stated, "Respondent shall not mow the lot of the realty company next door to petitioner's home."
 A. Service {¶ 17} Paulsen first contends that he did not get proper service of the original CSPO. The trial court found that he did receive service.
 {¶ 18} We uphold a trial court's finding of fact if competent, credible evidence supports the finding. Generally, see State v.Dunlap (1995), 73 Ohio St.3d 308, 314.
 {¶ 19} Here, the prosecutor asserted at trial that Paulsen's attorney was handed a copy of the CSPO at the conclusion of the prior case where the CSPO was issued. The attorney, in turn, was to deliver the copy to Paulsen. The State's exhibit introduced at trial shows that a copy of the order was filed with the clerk showing that Paulsen was served. Therefore, we find that competent, credible evidence supports the trial court's factual finding that Paulsen received service.
 B. Sufficiency of the Evidence {¶ 20} Paulsen next contends that the State failed to produce sufficient evidence to support his convictions.
 {¶ 21} The function of an appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would *Page 8 
convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Smith, Pickaway App. No. 06CA7,2007-Ohio-502, ¶ 33, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979),443 U.S. 307, 319.
 {¶ 22} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App .3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Smith, at ¶ 34, citing Jackson, 443 U.S. at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Smith at ¶ 34, citing State v. Thomas (1982), 70 Ohio St .2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} Here, we find that the State presented sufficient evidence, if believed, to support the two violations of a civil protection order. The State presented the testimony of three witnesses and photographs that demonstrate Paulsen was violating the CSPO by being on the property of the realty company. Further, while giving his opening statement, Paulsen admitted to being on the property on August 25.
 {¶ 24} Therefore, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of the two *Page 9 
crimes of violating a civil protection order proven beyond a reasonable doubt. Consequently, sufficient evidence supports Paulsen's' convictions.
 C. Manifest Weight of the Evidence {¶ 25} Paulsen next contends that his convictions are against the manifest weight of the evidence.
 {¶ 26} An appellate court, when determining whether a criminal conviction is against the manifest weight of the evidence, "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v.Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. See, also, State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted."Smith at ¶ 41, citing State v. Garrow (1995), 103 Ohio App.3d 368,370-71; State v. Martin (1983), 20 Ohio App.3d 172, 175. However, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 27} Here, we find for the same reasons stated above that the State presented ample evidence that Paulsen violated the CSPO. Paulsen focused his questioning of witnesses on whether he was the man in the pictures. The court was not convinced by *Page 10 
his efforts. As usual, we generally defer to the trier of fact's conclusions about credibility. And even if the pictures were doubtful, the testimony established that Paulsen violated the order twice. Further, as stated earlier, his own statements plainly establish that he violated the CSPO once in August.
 {¶ 28} After considering this evidence, we cannot find that in resolving conflicts in the evidence, the court, as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the two convictions must be reversed and a new trial granted. We find substantial evidence upon which the trier of fact could reasonably conclude that all the elements of violating a civil protection order on two separate occasions were proven beyond a reasonable doubt. Therefore, we find that Paulsen's convictions for violating a civil protection order are not against the manifest weight of the evidence.
 {¶ 29} Accordingly, we overrule Paulsen's second assignment of error.
 IV. {¶ 30} Paulsen contends in his third assignment of error that the terms of the civil protection order were unreasonable, arbitrary, and unconscionable.
 {¶ 31} Because a different trial court issued the civil protection order in another case in which Paulsen was represented by counsel, and because Paulsen did not exercise his right to directly appeal that case, res judicata bars him from raising this issue in this case. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 176, paragraph nine of the syllabus. Therefore, we do not address this issue.
 {¶ 32} Accordingly, we overrule Paulsen's third assignment of error. We affirm, in part, and vacate, in part, the judgment of the trial court. We remand this cause to the *Page 11 
trial court with the instruction to vacate the confinement part of Paulsen's two sentences.
 JUDGMENT AFFIRMED IN PART, VACATED IN PART AND CAUSE REMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, VACATED IN PART, and this CAUSE BE REMANDED to the trial court with the instruction to vacate the confinement part of his two sentences. Appellant and Appellee shall equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. Harsha, J.: Concurs in Judgment and Opinion.