OPINION
This appeal is taken by defendant Moses B. Anthony from a judgment of the Court of Common Pleas, Auglaize County.
On August 25th, 1998, Chief John Drake of the Cridersville Police Department received a radio report that three men had robbed a bank in Allen County and were thought to have escaped in a black Lincoln Continental. Soon thereafter, Chief Drake observed a black Lincoln Continental traveling southbound on Interstate 75. He maneuvered his vehicle behind the suspect car and observed that there appeared to be only one occupant rather than three. Chief Drake radioed this information to the Allen County Police Department who then requested that Chief Drake pull the vehicle over in order to obtain an identification of the driver. Chief Drake initiated his flashing lights and pulled the Lincoln over. While still in his police cruiser, positioned directly behind the Lincoln on the shoulder of the road, Chief Drake observed a man, later identified as Defendant Moses Anthony, emerge from the rear of the vehicle brandishing a weapon. Anthony fired four shots, three of which hit the police cruiser. Fortunately, Chief Drake was able to take cover behind his vehicle and was unharmed. He observed Anthony get back into the rear of the vehicle which then fled the scene. Anthony would later explain that he and the third suspect had been hiding in the rear of the vehicle, one on the floorboard and the other lying flat on the back seat.
Anthony and the other two suspects were apprehended a short time later near Wapakoneta in Auglaize County. All three suspects were released to federal authorities where they were charged and convicted for their involvement in the Allen County bank robbery. On October 22, 1999 the Auglaize County Grand Jury returned an indictment of the Defendant, Moses Anthony, for charges stemming from the shooting incident on I- 75. Anthony, by then serving time in a Federal Prison in Indiana, was brought to Auglaize County where he plead guilty under a plea agreement to one count of attempted felonious assault, a third degree felony, and one count of weapons under disability, a fifth degree felony. The trial court imposed the maximum sentence on each count, totaling 7 years prison time to be served consecutively. Furthermore, the court made a finding that a motor vehicle was used in the commission of the felonies and therefore imposed a lifetime suspension of Mr. Anthony's driving privileges pursuant to R.C. § 4507.16(A)(1)(b). It is from this judgment that Anthony appeals.
Anthony raises the following assignments of error.
 I. The trial court erroneously revoked Mr. Anthony's Operator's license in violation of the Fifth and Fourteenth Amendment's to the United States Constitution because he did not use a vehicle in the commission of any felony.
 II. The trial court had no statutory authority to revoke Mr. Anthony's driving privileges for life because permanent revocation is not authorized by 4507.16 under the circumstances of this case.
We will first address, sua sponte, the trial court's usage of the term "lifetime suspension" in Anthony's sentence. R.C 4516(A)(1) states:
 The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall suspend for not less than 30 days or more than three years or shall revoke the driver's or commercial driver's license or permit or nonresident operating privilege or any person who is convicted of or pleads guilty to the following.
 *** (b) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used;***
 As articulated in 4507.16(A)(1), any license suspension invoked by the trial court is limited to three years. The Ohio Supreme Court has held that the terms "suspend" and "revoke" as used in 4507.16(A)(1) are not used interchangeably. State v. White (1997) 29 Ohio St.3d 39, 40. Rather, the Court held that, "The term `suspend' ordinarily contemplates the temporary taking away of something. `Revocation', however, is a permanent taking without expectation of reinstatement." Id. Therefore, the trial court's "lifetime suspension" of Anthony's drivers license was improper insofar as it exceeds the three year maximum suspension limitation set by 4507.16(A)(1). Conversely, there is no time constraint on the trial court's power to revoke a driver's license as long as there is a finding of at least one of five enumerated circumstances set forth in the statute.
It is under color of this right to revoke that Anthony raises his second assignment of error. In his second assignment of error Anthony maintains that the trial court did not have the authority to permanently revoke his driver's license because he did not in fact use a vehicle in the commission of any felony as provided by 4507.16(A)(1)(b). We disagree.
This court recognizes that the motor vehicle is not an element to attempted felonious assault or to having weapons under disability, the two felonies to which Anthony plead guilty. R.C. 2903.11 sets forth the elements of felonious assault as: " '(A) No person shall knowingly : (1) Cause serious physical harm to another * * *.'R.C. 2923.13 provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance," under certain enumerated circumstances including a person who, like Anthony, is within 5 years from release of prison or post-release control. A person who violates 2923.13 is guilty of having weapons while under disability. However, the statute does not require that an automobile be an element of the felony, only that it be used in commission of the felony.
Anthony urges this court to follow the ruling in State v Krug (1993)89 Ohio App.3d 595, in which the First District Court of Appeals held that the legislative intent of the then 4507.16(A)(2) was limited to "those situations in which the motor vehicle is used either as a weapon or to transport contraband, or is the subject of the crime charged." Id. at 596. We decline to adopt such a narrow interpretation of the "use" requirement. The statute afforded to trial courts the discretion to determine whether or not a defendant used a vehicle in the commission of a felony. The term "use" implies more than just the presence of an automobile. If a felonious offender makes an automobile an instrument through which he or she commits a felony, license revocation is a logical consequence of that decision. Such is as the legislature intended when they adopted 4507.16(A)(1)(b).
In the case at bar the trial court made a finding that Anthony did in fact use a vehicle in the commission of his felonies and the record supports such a finding.
Anthony used the vehicle as a mechanism to conceal himself from Chief Drake, providing the opportunity to surprise the officer. Furthermore, Anthony used the vehicle as a method of escape from the crime scene. He and his two companions fled from the police and were the subject of a high speed chase that only by chance did not result in any police or civilian injury.
Finally, in his first assignment of error Anthony asserts that the trial court violated his rights under the 5th and 14th Amendments to the United States Constitution when it permanently revoked his driver's license. The crux of Anthony's argument is that since he did not use the vehicle in the commission of his crimes, his rights to procedural due process have been violated. This argument is not well taken nor does it state a valid constitutional violation.
Procedural due process is a procedural safeguard that prohibits a state actor from taking away an individual's protected interest without the benefit of a hearing, with notice, and an opportunity to be heard.Cleveland Bd. of Education v. Loudenmill (1985), 470 U.S. 532, 542;Mathews v. Eldridge (1976), 424 U.S. 319, 334; State v. Hamilton (1996),75 Ohio St.3d 636, 639. Nowhere in the record does it reflect that Anthony was denied due process. On the contrary, the trial court informed Anthony on three separate occasions that he faced a lifetime revocation of his operators license. Furthermore, Anthony was given ample opportunity to be heard in opposition of this sentence. Therefore, the notice and opportunity requirements of procedural due process have been met. The fact that Anthony believes the trial court misapplied the law, an argument we have rejected, has no relevance in a claim for procedural due process.
Therefore, the judgment of the Court of Common Pleas of Auglaize County is reversed in part and affirmed in part and the cause is remanded to that court for further proceedings not inconsistent with this opinion.
 ________________ Bryant, J.
WALTERS, P.J., and SHAW, J., concur.