DECISION.
{¶ 1} Defendant-appellant Thomas Voelker was charged with domestic violence, a first-degree misdemeanor, for head-butting his wife in the face. Voelker later pleaded guilty to, and was convicted of, domestic violence in the Hamilton County Municipal Court. In return for Voelker's guilty plea, the conviction was downgraded to a fourth-degree misdemeanor.
 {¶ 2} The trial court sentenced Voelker to 30 days in jail — 29 of those days were suspended, one day was credited, and he was ordered to pay a $50 fine plus court costs. Voelker was also given one year's probation. The conditions of that probation required that he complete anger-management counseling and alcohol treatment, and submit to random urine screenings. Voelker moved to modify the sentence, requesting that the court delete the conditions requiring alcohol treatment and random urine screens. He stated that those conditions would cause him to lose his job because he was frequently out of the state. The trial court denied his motion, and this appeal followed.
 {¶ 3} At Voelker's sentencing hearing, his wife, through the prosecuting attorney, requested that Voelker undergo alcohol treatment. Without further explication or testimony, the court sentenced Voelker to alcohol treatment and random urine screening. The record does not reveal that alcohol was involved in, or contributed to, Voelker's commission of domestic violence.
 {¶ 4} The court, in denying Voelker's motion, stated that it would not have "put an order for alcohol counseling on the judge's sheet if someone had not given [the court] input that [alcohol counseling] was necessary." The court further stated, "I don't know what basis the prosecutor has for asking for alcohol counseling. I am going to presume that was done in good faith with a reason behind it." The record is otherwise silent as to what role, if any, alcohol played in the domestic-violence conviction.
 {¶ 5} Probation conditions are generally aimed at serving the interests of justice, rehabilitating the offender, and ensuring the offender's good behavior.[1] Despite the trial court's broad discretion in imposing probation conditions, its discretion is not completely unfettered.[2] When considering whether a probation condition is related to serving the interests of justice, rehabilitating the offender, and ensuring the offender's good behavior, a court should consider "whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."[3]
 {¶ 6} The state argues that State v. Contini is instructive and that a victim's long-term relationship with a defendant makes it reasonable to believe that the "victim [knows] appellant's personal history with alcohol."[4] We agree in principle. But the facts in Contini are different from the facts in this case. In Contini, the defendant had a previous drug conviction. Further, the victim had "stressed a great need for both alcohol and drug treatment to the investigating probation officer."[5] The probation officer further testified that the victim had stated that the defendant's drug and alcohol problems were a major concern of the victim.[6] In contrast, the record in this case fails to reveal any similar testimony buttressing the court's imposition of the alcohol-treatment and random-drug-screen probation conditions.
 {¶ 7} We initially note that Voelker has never been convicted of an alcohol-related offense — he is a first-time offender. Though many domestic-violence events are unquestionably linked to substance abuse, there is not an automatic relationship between alcohol-treatment and urine-screen probation conditions and the offense of domestic violence. Nor has it been alleged that alcohol or substance abuse accompanied the offense to which he pleaded guilty. Because the record does not show a reasonable relationship between the probation conditions and the domestic-violence incident, the trial court abused its discretion when it imposed the alcohol-treatment and random-urine-screening conditions.
 {¶ 8} Consequently, the judgment of the trial court denying Voelker's motion to modify his sentence is reversed, and the cause is remanded for a new sentencing hearing. Of course, at that hearing, the court may inquire about the issue of alcohol and its possible relationship to the incident. And surely, if any screening or treatment is necessary, it can be accomplished without having Voelker lose his job.
Judgment reversed and cause remanded.
HENDON and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See R.C. 2929.25(B)(2).
[2] See State v. Krug (1993), 89 Ohio App.3d 595, 597,626 N.E.2d 984.
[3] See State v. Jones (1990), 49 Ohio St.3d 51, 53,550 N.E.2d 469.
[4] See State v. Contini, 5th Dist. No. 2002 AP 03 0017, 2002-Ohio-5431, ¶ 19.
[5] See id.
[6] See id.