[Cite as *State v. Keller*, 2018-Ohio-5062.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 16-18-03

      v.

CHRISTY L. KELLER,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 17-CR-0092

Judgment Affirmed

Date of Decision: December 17, 2018

APPEARANCES:

    *Todd A. Workman* for Appellant

    *Douglas D. Rowland* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-Appellant, Christy L. Keller ("Appellant") appeals her four (4) year prison sentence imposed by the Wyandot County Common Pleas Court. On appeal, Appellant argues that her trial counsel was ineffective. For the reasons that follow, we affirm the judgment of the Wyandot County Common Pleas Court.

*Factual and Procedural Background*

{¶2} On July 15, 2017, Appellant was found in possession of methamphetamine ("meth") in an amount greater than five times the bulk amount.[1] (Doc. Nos. 2; 4). On August 9, 2017, the Wyandot County Grand Jury indicted Appellant on the following: Count One, Aggravated Possession of Drugs, in violation of R.C. 2925.11(A), a felony of the second degree; and Count Two, Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(2), a felony of the second degree. (Doc. No. 20). Appellant was arraigned on August 21, 2017, assigned court-appointed counsel, and entered "not guilty" pleas to both counts in the indictment. (Doc. No. 27; Arraignment, 8/21/2017 Tr. at 7, 9-10).

{¶3} After a series of motions and hearings unrelated to the issue present on appeal, Appellant appeared before the trial court on April 3, 2018 and changed her plea of "not guilty" to Count One, Aggravated Possession of Drugs, to a plea of "guilty." (Doc. No. 46). Because of Appellant's plea to Count One, Count Two of

---

[1] The "bulk" amount of meth is defined in R.C. 2925.01(D)(1)(g).

the indictment was dismissed. (*Id.*). During the plea proceedings, Appellant was advised that she was facing a mandatory prison term of two (2) to eight (8) years on her Aggravated Possession of Drugs conviction. (*Id.*). However, the State and defense counsel jointly recommended that Appellant serve a mandatory prison term of four (4) years for her conviction. (*Id.*). After Appellant pled guilty, the State requested that it be allowed to submit evidence of Appellant's criminal history in lieu of a formal pre-sentence investigation, because Appellant was facing a mandatory prison term and not eligible for community control. (Change of Plea Hr'g, 04/03/2018 Tr. at 12). Appellant's trial counsel did not object to the State's proposal, and no formal pre-sentence investigation was ordered by the trial court. (*Id.* at 13-15). The trial court followed the joint recommendation and sentenced the Appellant to a mandatory four (4) year term of incarceration. (Doc. No. 49). From this judgment Appellant appeals, and presents the following assignment of error for our review:

## ASSIGNMENT OF ERROR

**APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN HER REPRESENTATION BY FAILING TO OBJECT TO [SIC] SUGGESTION A PRESENTENCE INVESTIGATION NOT BE CONDUCTED, TO THE DETRIMENT OF HER CLIENT.**

*Appellant's Assignment of Error*

**{¶4}** On appeal, Appellant argues that her trial counsel was ineffective for failing to request a formal pre-sentence investigation ("PSI") prior to her sentencing. For the reasons that follow, we disagree.

*Standard of Review*

**{¶5}** "'When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that the counsel's representation fell below an objective standard of reasonableness.'" *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18 *quoting Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052 (1984). Additionally, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.*, at 694. *See also, State v. Bradley*, 42 Ohio St.3d 136, 137, 538 N.E.2d 373 (1989).

**{¶6}** In analyzing a claim for ineffective assistance of counsel, this court's scrutiny of counsel's performance must be highly deferential, with a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Bradley*, supra, at 142, *quoting Strickland*, supra, at 687-88. "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of

reasonable representation and, in addition, prejudice arises from counsel's performance." *Id.*

*Analysis*

**{¶7}** At the outset, we find that Appellant has waived her ineffective assistance of counsel claim on appeal. "A plea of guilty waives a claim of ineffective assistance of counsel, *except to the extent the defects complained of caused the plea to be less than knowingly and voluntary.*" (Emphasis added). *State v. Street,* 3rd Dist. Hancock No. 5-98-09, 1998 WL 682284, *2. *See also, State v. Barnett,* 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (2nd Dist.1991) (guilty plea waives the right to claim ineffective assistance of counsel on appeal, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary); *State v. Conley,* 3rd Dist. Marion No. 9-16-10, 2016-Ohio-8408, ¶ 10 (unless counsel's conduct affected the voluntary nature of a guilty plea, the claim of ineffective assistance of counsel is waived). On appeal, Appellant does not argue that she would not have entered her guilty plea but for trial counsel's alleged ineffectiveness. Accordingly, we find that Appellant waived her ineffectiveness argument on appeal.

**{¶8}** Furthermore, with respect to Appellant's sentence, R.C. 2953.08(D)(1), entitled "Appeals based on felony sentencing guidelines," provides the following:

(D)(1) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been

recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

R.C. 2953.08(D)(1). *See also, State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16 ("an agreed-upon sentence may not be [appealable by the defendant] if (1) both defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law).

{¶9} A review of the record demonstrates that the sentence imposed by the trial court is not appealable by the Appellant. At Appellant's change of plea hearing, the sentence recommendation from the State and defense counsel indicated that there was a joint recommendation that Appellant be ordered to serve a mandatory prison term of four years. (Change of Plea Hr'g, 04/03/2018 Tr. at 8). The trial court, in imposing a prison sentence on Appellant, accepted the joint recommendation and sentenced Appellant to "a base mandatory prison term of four years." (Sentencing, 04/19/2018 Tr. at 11; Doc. No. 49 at 3). Lastly, there is no evidence that, and Appellant does not argue that, her sentence does not comport with all mandatory sentencing provisions, and thus, Appellant's sentence is "authorized by law." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20. Thus, Appellant's sentence is barred from review by this Court.

{¶10} Nevertheless, even if Appellant had not waived her ineffective assistance of counsel claim on appeal and her sentence was appealable, Appellant's argument fails. Specifically, Appellant relies on R.C. 2951.03 to argue that a PSI

*might have* informed the trial court of mitigating circumstances that would have affected her sentence. We find Appellant's reliance on R.C. 2951.03 misplaced. Specifically, R.C. 2951.03 states, in its pertinent part:

> (A)(1) Unless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report*, no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction* until a written presentence investigation report has been considered by the court. The court may order a presentence investigation report notwithstanding an agreement to waive the report. If a court orders the preparation of a presentence investigation report pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant, all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and any other matters specified in Criminal Rule 32.2. * * *.

(Emphasis added). R.C. 2951.03(A)(1).

{¶11} The plain language of the statute makes it clear that the statute only applies to individuals convicted of a felony *placed under a community control sanction*. The record reveals that Appellant was facing a mandatory prison sentence of two (2) to eight (8) years for her conviction of Aggravated Possession of Drugs. Because Appellant was facing a *mandatory prison sentence*, she was ineligible to receive a community control sanction. As such, the trial court was not required to order a PSI in this matter. *See, State v. Watkins,* 96 Ohio App.3d 195, 199, 644 N.E.2d 1049 (1st Dist.1994) ("[w]hen probation is not granted, the trial court need

not even order a presentence investigation"); *see also, State v. Cyrus,* 63 Ohio St.3d 164, 568 N.E.2d 94 (1992), syllabus ("[a] trial court need not order a presentence report pursuant to Crim.R. 32(A) in a felony case when probation is not granted"). Interestingly, Appellant appears to concede this point in her appellate brief, stating that "*the full and formal presentence investigation, * * * was not required by trial counsel, * * *.*" (Emphasis added). (Br. of Appellant at 9).

{¶12} Appellant argues that the PSI was "a tool available that would *possibly* benefit the Appellant at the trial level and it was not utilized." (*Id.* at 10). In our review of the record before us, we find competent and credible evidence exists that Appellant's trial counsel's performance did not fall below an objective standard of reasonableness. Specifically, trial counsel successfully negotiated with the State a joint sentencing recommendation of four (4) years in prison for the Appellant, a term that was four (4) years *less* than the maximum prison sentence that could have been imposed by the trial court. (Change of Plea Hr'g, 04/03/2018 Tr. at 8). Furthermore, Appellant's trial counsel advocated on Appellant's behalf at sentencing by representing Appellant's strengths and shortfalls to the trial court. (Sentencing, 04/19/2018 Tr. at 4-7).

{¶13} Lastly, the record is replete with evidence of trial counsel's advocacy throughout the proceedings, which included: a demand for discovery; several continuances on behalf of her client; and appearing at pre-trial conferences on

Appellant's behalf.  (Doc. Nos. 30; 37; 39).  Accordingly, we find no evidence of any "error" committed by Appellant's trial counsel during those proceedings.

{¶14} In sum, Appellant has failed to demonstrate that her trial counsel's performance "fell below an objective standard of reasonableness." *Sanders, supra.* Trial counsel's tactical decision to not request a PSI was not erroneous, as a PSI was not required by R.C. 2951.03.  Moreover, because Appellant has failed to demonstrate error, we need not analyze whether Appellant was prejudiced by trial counsel's performance. *See generally, State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989) (noting that it was not always necessary to engage in an analysis of counsel's ineffective and the prejudicial impact of any of counsel's errors).  Appellant's sole assignment of error is overruled.

## *Conclusion*

{¶15} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we overrule Appellant's sole assignment of error and affirm the judgment of the Wyandot County Common Pleas Court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**